```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


SOLOMAN B. SENGAL              )
                               )
    Plaintiff,                 )
                               )
        v.                     )   1:10cv538 (JCC/TRJ)
                               )
FAKOURI ELECTRICAL             )
ENGINEERING, INC.              )
                               )
    Defendant.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Soloman B. Sengal's *pro se* Objection to a Report and Recommendation (the Objection) issued by Magistrate Judge Jones on August 31, 2011. [Dkt. 93.] For the following reasons, the Court will deny Plaintiff's Objection.

**I.  Background**

On May 24, 2010, Plaintiff filed a Complaint alleging violations of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., Title I of the Civil Rights Restoration Act of 1991, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(5), et seq., and violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and 29 U.S.C. § 216(b). [Dkt. 1.] On March 25, 2011, Magistrate Judge Jones conducted a settlement conference, which was attended by

1

Plaintiff, his attorney Christopher Rau,[1] and counsel for Defendant, Tyler A. Brown.  (Report and Recommendation [Dkt. 87] (R&R) at 2.)

Near the end of the conference, the parties reportedly informed Magistrate Judge Jones that they had reached a settlement and that they had prepared a handwritten document that contained all of the settlement terms.  (R&R at 2; D. Mem. [Dkt. 71] at 1.)  Magistrate Judge Jones advised the parties that if they had reached full agreement, he wanted them to enter into an oral contract and they reportedly agreed to do so.  (R&R at 2, 3.)  As is detailed in the R&R, Magistrate Judge Jones then read aloud the handwritten document and asked both defense counsel and Plaintiff if they agreed the case was settled by oral contract.  (R&R at 3.)  Magistrate Judge Jones, Christopher Rau, and Tyler Brown submit that both parties agreed.  (R&R at 3; D. Mem. at 1, 2.)  Plaintiff, however, now disputes the notion that the parties had reached a settlement.  (Obj. to R&R [Dkt. 93] (Obj.) at 2.)  Magistrate Judge Jones also submits that he stated that "all documents prepared after today, even if they contain the word agreement, are documents that memorialize and implement a binding oral contract entered into today." (R&R at 3.)

---

[1] On September 2, 2011, this Court granted Mr. Rau's unopposed motion to withdraw as counsel for Plaintiff.  [Dkt. 88.]

2

What is not disputed is the fact that the handwritten document, titled "Memorandum Memorializing Settlement Agreement" (the Memorandum), was initialed by Magistrate Judge Jones, counsel for both Fakouri and Mr. Sengal, and by Mr. Sengal himself. [Dkt. 93-1.] The Memorandum contains nine terms, one of which states that "[t]hese terms will be memorialized in a typed document containing the release that will be executed by the parties." It also made other references that provided for the parties to execute a typed document (a "final settlement memorandum") to detail the terms of the settlement.

On April 6, 2011, Defendant's counsel sent a draft typed "Confidential Agreement and Release" to Mr. Rau. (D. Mem. at 2.) After an exchange regarding the terms of the document, Mr. Rau advised Defendant that Mr. Sengal was refusing to sign the agreement. (D. Mem. at 2.)

On April 22, 2011, Plaintiff moved for the Court to remove the case from its trial docket. [Dkt. 61.] On April 28, 2011, the Court granted that motion and instructed the parties to reduce the settlement reached on March 25 to a writing and file it with a stipulation of settlement with the Court by May 6, 2011. [Dkt. 64.] On May 6, 2011, Defendant submitted a draft stipulation of settlement. [Dkt. 66.] Neither Plaintiff nor Plaintiff's counsel had signed it. *Id.* Defendant noted that it had attempted to contact Plaintiff regarding the

3

stipulation and requested the Court's guidance on how to proceed. [Dkt. 67.]

On May 17, 2011, Defendant submitted a Motion to Enforce Settlement Agreement. [Dkt. 70.] On May 31, 2011, Magistrate Judge Jones held a hearing on that motion. [Dkt. 84.] On August 31, 2011, Judge Jones issued the Report and Recommendation enforcing the oral contract of settlement entered into on March 25, 2011, according to the terms set forth in the handwritten Memorandum. (R&R at 5.) On September 15, 2011, Plaintiff requested an extension of time to respond [Dkt. 90], which was granted [Dkt. 91]. Time to object was extended until the close of business on October 5, 2011. [Dkt. 91.] Plaintiff filed Objections to the Report and Recommendation on October 5, 2011. [Dkt. 93.]

Plaintiff's objections are now before the Court.

## II. Standard of Review

Pursuant to the Federal Magistrate's Act, the parties may serve and file written objections to the magistrate judge's proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommended disposition.[2] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). A district judge is required to make a de novo determination only of those specific portions of a report and

---

[2] As a preliminary matter, the Court finds that Plaintiff timely noted his objection to the R&R pursuant to the extension of time.

recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(C).  A district judge also "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," *id.; see also Beck v. Angelone*, 113 F. Supp. 2d 941, 947 (E.D. Va. 2000), *appeal dismissed by* 261 F.3d 377 (4th Cir. 2001), *cert. denied*, 534 U.S. 987, 122 S. Ct. 417, 151 L. Ed. 2d 321 (2001), and may receive further evidence or recommit the matter to the magistrate with instructions.  28 U.S.C. § 636(b)(1)(C).

### III.  Analysis

Plaintiff argues that Magistrate Judges Jones "assumed that the parties had reached a settlement and had prepared a handwritten document that contained all the settlement terms." (Obj. at 2.)  Plaintiff claims that "the draft wasn't a (sic) final" and that he thought he had "the option to withdraw from the settlement agreement if [the parties didn't] agree on the written details OR change [their] position." (Obj. at 2.)  In essence, Plaintiff argues that the parties never reached a binding agreement.

"It is well settled that a district court retains inherent jurisdiction and equitable power to enforce agreements entered into in settlement of litigation before that court." *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)(citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir.

5

1981); *Wood v. Va. Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975)). "However, the district court only retains the power to enforce complete settlement agreements; it does not have the power to sit as a final arbiter and impose a settlement agreement where there was never a meeting of the parties' minds." *Stewart v. Coyne Textile Servs.*, 96 F. App'x 887, 888-89 (4th Cir. 2004). "Where there has been no meeting of the minds sufficient to form a complete settlement agreement, any partial performance of the settlement agreement must be rescinded and the case must be restored to the docket for trial." *Id.* (citing *Wood*, 528 F.2d at 425). Thus, "it is the Court's task to determine 'whether or not there was a meeting of the minds between the parties and their counsel.'" *Buffalo Wings Factory, Inc. v. Mohd*, No. 1:07cv612, 2008 U.S. Dist. LEXIS 48250, at *16 (E.D. Va. June 23, 2008)(citing *Wood*, 528 F.2d at 425).

In assessing whether there was a meeting of the minds, "'the law imputes to a person an intention corresponding to the reasonable meaning of his words and acts.'" *Marefield Meadows, Inc. v. Lorenz*, 245 Va. 255, 260 (Va. 1993) (quoting *Lucy v. Zehmer*, 196 Va. 493, 503, 84 S.E.2d 516, 522 (1954)). "[I]f the words of a party, reasonably interpreted, manifest an intention to agree, his contrary unexpressed state of mind is immaterial." *City of Fredericksburg v. Yarboro*, 54 Va. Cir. 612, 614 (Va.

6

Cir. Ct. 1998).  Here, Plaintiff does not claim that he objected when asked whether he agreed that the case was settled by oral contract, nor does he dispute that he signed the "Memorandum Memorializing Settlement Agreement."  As a result, the Court finds the evidence establishes a meeting of the minds.

In Virginia, binding oral and written contracts exist "where the parties' intention to be bound is objectively manifested even though a subsequent formal agreement is contemplated."  *Golding v. Floyd*, 261 Va. 190, 194 (Va. 2001)(citing *Agostini v. Consolvo*, 154 Va. 203, 212 (Va. 1930) (finding that "[w]here the minds of the parties have met and they are fully agreed and they intend to be bound there is a binding contract, even though a formal contract is later to be prepared and signed.").  Thus, the fact that the handwritten Memorandum contemplated a subsequent typed memorandum is not inconsistent with the formation of a contract.

Having reviewed the record in this case and having made a de novo determination of the specific portions of the R&R that have been objected to by Defendant, this Court accepts the findings and recommendations made by Magistrate Judge Jones. Thus, the Court finds that the Magistrate Judge Jones properly granted Defendant's Motion to Enforce Settlement Agreement because there was an oral contract of settlement entered into on

7

March 25, 2011, that should be enforced according to the terms set forth in the handwritten Memorandum memorializing it.

### IV. Conclusion

For the reasons stated above, the Court will deny Plaintiff's Objection to Magistrate Judge Jones' R&R regarding Defendant's Motion to Enforce Settlement Agreement.

An appropriate Order will issue.

|  |  |
|---|---|
| | /s/ |
| November 22, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |